PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC D. POWELL, | ) | |
| | ) | CASE NO.  4:15CV0986 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CCA, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

*Pro Se* Plaintiff Eric D. Powell, a federal inmate previously housed at the privately-owned Northeast Ohio Correctional Center ("NEOCC") operated by Corrections Corporation of America ("CCA"), filed the above captioned *in forma pauperis* civil rights action against NEOCC Warden Michael Pugh, CCA, and individual prison employees.  He alleges "deliberate indifference" as a result of the failure of "CCA/NEOCC" to repair water leaking into his cell.  Specifically, he alleges he repeatedly warned "CCA/NEOCC" staff members that water from a toilet was leaking into his cell, but that the maintenance department "couldn't fix the leaks."  He alleges that on March 6, 2015, he got out of bed and slipped and fell on his head and back.  He seeks $500,000 in damages.  Complaint (ECF No. 1).  For the reasons stated below, Plaintiff's action is dismissed pursuant to 28 U.S.C. § 1915(e).

(4:15CV0986)

## I.  Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it is frivolous or malicious, fails to state a claim on which relief may be granted or if it seeks monetary relief against a defendant who is immune from such relief.

In order to state a claim on which relief may be granted, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)).  The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

## II.  Law and Analysis

Even assuming the truth of Plaintiff's allegations, he has failed to state a claim on which relief may be granted.

First, Plaintiff's allegations are insufficient to state a constitutional claim for "deliberate indifference."  A prison official may be held liable for acting with deliberate indifference to an inmate's health or safety only if the official knew that the inmate faced a substantial risk of serious harm and that he disregarded that risk by failing to take reasonable measures to abate it.

2

(4:15CV0986)

*Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994). "Deliberate indifference" is a higher standard than negligence and requires the prisoner to show that the official in question both knew of and disregarded an excessive risk to the inmate; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harms exists, and he must also draw the inference." *Id.* at 837. Federal courts have routinely held that allegations of water on a prison floor causing a prisoner to slip and fall is not a sufficiently serious condition to demonstrate a "deliberate indifference" claim. *See, e.g.*, *Davis v. Corrections Corp. of Am.*, No. 5:07CV279/RS-EMT, 2008 WL 539057 (N.D. Fla. Feb. 22, 2008) (collecting cases and holding that the plaintiff's allegations that he slipped and fell due to water on the floor from a leaking toilet resulting in injury to his leg failed to state an Eighth Amendment violation).

In addition, even if Plaintiff had set forth allegations sufficient to establish deliberate indifference, his claims are barred by the Supreme Court's decisions in *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70-74 (2001), and *Minneci v. Pollard*, 565 U.S. ----,132 S.Ct. 617, 623 (2012). In *Malesko*, the Supreme Court held that a private corporation that operates a federal prison cannot be sued for damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). The Supreme Court reasoned that the purpose of *Bivens* was to deter individual federal officers, not agencies, from committing constitutional violations. Accordingly, pursuant to *Malesko*, Plaintiff has no claim on which relief may be granted against CCA and NEOCC.[1]

---

[1] To the extent Plaintiff asserts claims against the individual defendants in their
(continued...)

3

(4:15CV0986)

In *Minneci*, the Supreme Court held that a federal prisoner could not assert an Eighth Amendment-based damages claim against employees of a private prison. The Court held "where, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law . . ., the prisoner must seek a remedy under state tort law" and may not pursue relief under *Bivens*. *Minneci*, 132 S.Ct. at 626. Accordingly, *Minneci* bars Plaintiff's deliberate indifference claims against the individual defendants in their individual capacities.

### III. Conclusion

For the reasons stated above, Plaintiff has failed to state a cognizable federal claim in this case. Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The dismissal is without prejudice to any valid state law claim Plaintiff may have under the facts alleged. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

---

[1](...continued)
official capacities, such claims must be dismissed under § 1915(e) as well because such claims against the individual defendants in their official capacities are necessarily construed as claims against CCA and NEOCC. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978) ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"); *Dotson v. Wilkinson*, 477 F. Supp.2d 838, 851-52 (N.D. Ohio 2007) (Wells, J.). Because claims against CCA and NEOCC are barred, any potential claims against the individual defendants in their official capacities are also barred.

(4:15CV0986)

The Clerk is directed to issue a copy of this Memorandum of Opinion and Order by regular mail to Eric D. Powell, #59467-060, FCI Gilmer, P.O. Box 6000, Glenville, West Virginia 26351.[2]


        IT IS SO ORDERED.


 October 16, 2015                              /s/ Benita Y. Pearson
Date                                          Benita Y. Pearson
                                              United States District Judge

---

        [2]  According to the Bureau of Prisons website (http://www.bop.gov/inmateloc/) (last visited Oct. 16, 2015)), Plaintiff is currently housed at FCI Gilmer.
        Plaintiff has failed to provide the court with his current address.  It is the party, not the court, who bears the burden of apprising the court of any changes to his mailing address.  *See* *Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (citing *Casimir v. Sunrise Fin., Inc.*, 299 Fed.Appx. 591, 593 (7th Cir. 2008) (affirming district court's denial of Rule 60(b) motion when movants claimed due to house fire they did not receive mail informing them of court's entry of summary judgment); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."); *Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at *1 (6th Cir. April 20, 1987) (affirming dismissal for failure to prosecute when appellant failed to provide district court with "current address necessary to enable communication with him")).